IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| FRANK WALL and JANA SMITH, | Case No.: 3:26-cv-00995-AN |
| Plaintiffs, | |
| v. | |
| ADVANCED INVESTMENT CORPORATION INC.; AIC PROFIT SHARING PLAN; AUSTIN L. WALKER, individually and as President of Advanced Investment Corporation Inc. and trustee and beneficiary of the AIC Profit Sharing Plan; and DAVID P. SMITH, individually and as registered agent of and attorney for Advanced Investment Corporation Inc. and as trustee of the AIC Profit Sharing Plan, | OPINION AND ORDER |
| Defendants. | |

On May 19, 2026, plaintiffs Frank Wall and Jana Smith, who are self-represented and thus proceeding pro se,[1] filed this action against defendants Advanced Investment Corporation Inc. ("AIC Inc."); AIC Profit Sharing Plan ("AIC PSP"); Austin L. Walker, individually and in his official capacities as President of AIC Inc. and as trustee and beneficiary of AIC PSP; and David P. Smith, individually and in his official capacities as registered agent of and attorney for AIC Inc. and as trustee of AIC PSP. Pending before the Court is plaintiffs' motion for temporary restraining order ("TRO") and preliminary injunction. For the reasons that follow, plaintiffs' motion for TRO and preliminary injunction is DENIED with leave to refile.

//

---

[1] Pleadings filed by self-represented litigants "are held to a less stringent standard than those drafted by lawyers." *Graves v. Nw. Priority Credit Union*, No. 3:20-cv-00770-JR, 2020 WL 8085140, at *2 (D. Or. Dec. 16, 2020) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "In cases involving a [self-represented] plaintiff, the court construes the pleadings liberally and affords the plaintiff the benefit of any doubt." *Kali v. Bulk Handling Sys.*, No. 6:18-cv-02010-AA, 2019 WL 1810966, at *4 (D. Or. Apr. 23, 2019) (citing *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004)).

1

**BACKGROUND**

This action centers around a loan for real estate.  At base, plaintiffs allege that defendants engaged in deceptive, predatory, and fraudulent lending procedures when they executed a mortgage loan with plaintiffs.  *See* Compl., ECF 1, at 1-2.  More specifically, plaintiffs allege that defendants took advantage of their vulnerability as "seniors with limited income and cognitive decline" by intentionally mischaracterizing the mortgage loan as being for a business, as opposed to residential, purpose, in order to evade certain federal laws and wrongly subject plaintiffs to a high-interest short-term loan.  *Id.* at 2-3. Plaintiffs ultimately signed a promissory note and deed of trust in 2022 regarding the real property at issue. *Id.* at 3 & Exs. A, B; Decl. of Frank Wall ("Wall Decl."), ECF 3, ¶ 2.

For several years, defendants collected many interest-only loan payments from plaintiffs.  Compl. 6.  In July 2025, after plaintiffs had missed several payments, defendants threatened to accelerate the full balance of the loan and initiate non-judicial foreclosure proceedings.  *Id.*  In response, plaintiffs requested that defendants extend the maturity date of the loan through May 23, 2026, to which defendants agreed in exchange for a fee.  *Id.* & Ex. D.  Despite this agreement, defendants subsequently hinged the extension on an additional condition: that plaintiffs sign a supplemental document stating "that the loan was solely a 'business purpose' loan."  *Id.* at 6-7 & Exs. E, F.  Defendants eventually honored the requested extension, although plaintiffs never signed the supplemental document and the parties continued to dispute whether the loan should be characterized as being for business or residential purposes.  *Id.* at 7.

On May 19, 2026, plaintiffs filed this action, alleging nine claims brought under various laws, regulations, and doctrines.  *See* Compl. 8-25. Contemporaneously with the complaint, plaintiffs filed a motion for TRO and preliminary injunction, Pls. Mot., ECF 2, and a declaration in support thereof, Wall Decl.  Plaintiffs assert that "the loan's maturity date is May 23, 2026 at which time Defendants may foreclose if the balloon payment . . . is not made in full," and injunctive relief is therefore necessary to halt "the imminently threatened foreclosure" and allow for judicial review of the loan transaction.  Compl. 7; Wall Decl. ¶ 12.  Plaintiffs certify they have mailed copies of the complaint and motion for TRO and preliminary injunction to defendants via first class mail.  Compl. 27; Pls. Mot. 12-13.  Defendants have not

yet appeared.

## LEGAL STANDARD

Generally, motions for TROs and preliminary injunctions are subject to substantially the same elements. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A TRO or preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). The movant must show (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Id.* at 20-22. In the Ninth Circuit, "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011).

## DISCUSSION

Plaintiffs have not shown it is likely they will suffer irreparable harm in the absence of preliminary relief and thus fail at the second prong of the *Winter* test. The underlying premise of plaintiffs' argument is sound—the imminent foreclosure of real property certainly presents a threat of irreparable harm. *See Sundance Land Corp. v. Cmty. First Fed. Sav. & Loan Ass'n*, 840 F.2d 653, 661 (9th Cir. 1988) (finding that foreclosure of unique real property would cause "immediate, irreparable injury"); *see also Wrobel v. S.L. Pope & Assocs.*, No. 07CV1591 IEG (BLM), 2007 WL 2345036, at *1 (S.D. Cal. June 15, 2007) ("Defendants are scheduled to foreclose on plaintiff's property. . . . Losing one's home through foreclosure is an irreparable injury."). However, there is no evidence before the Court indicating that foreclosure in this case is imminent, and thus that irreparable injury is likely.

Plaintiffs assert that defendants "now seek to foreclose" and "will commence and most likely complete non-judicial foreclosure before this Court can" properly review the underlying loan transaction. Pls. Mot. 2-3. But these very assertions indicate that foreclosure proceedings have not yet begun. Similarly,

3

plaintiffs allege that "the loan's maturity date is May 23, 2026 at which time Defendants *may* foreclose if the balloon payment . . . is not made in full." Compl. 7 (emphasis added). Finally, plaintiffs allege that defendants previously notified plaintiffs of an intent to pursue foreclosure of the property following plaintiffs' missed payments but then agreed to extend the deadline for payment. Compl. 6-7. On all these facts, the Court cannot say that foreclosure is imminent or, thus, that irreparable harm is likely. *See Mclean v. Aurora Loan Serv'g*, No. 11cv0455-LAB (NLS), 2011 WL 4635027, at *2 (S.D. Cal. Oct. 5, 2011) ("While the loss of real property through foreclosure may constitute irreparable harm in some cases, [the movant] has not shown the likelihood of foreclosure."); *cf. Winter*, 555 U.S. at 22 (reiterating that "plaintiffs seeking preliminary relief [must] demonstrate that irreparable injury is *likely* in the absence of an injunction" (emphasis in original)).

For these reasons, the Court is compelled to conclude that the threat of irreparable harm is too speculative to warrant the requested injunctive relief at this time. Because plaintiffs have not satisfied the irreparable injury element of the *Winters* test, the Court declines to reach the remaining elements. *See Mclean*, 2011 WL 4635027, at *2. Plaintiffs are granted leave to renew their motion in the event that additional facts show that irreparable harm—i.e., foreclosure—is sufficiently likely.

//

//

//

//

//

//

//

//

//

//

//

4

**CONCLUSION**

For the reasons described herein, plaintiffs' motion for temporary restraining order and preliminary injunction, ECF 2, is DENIED with leave to renew in the event that additional facts show that irreparable harm is sufficiently likely. Plaintiffs may, as they proceed in this litigation, benefit from reviewing the District of Oregon's Handbook for Self-Represented Parties, which can be found at https://www.ord.uscourts.gov/phocadownload/userupload/prose/Handbook%20for%20Self-Represented%20Parties.pdf. Plaintiffs may locate information regarding serving summonses, for example, in Chapter 8.

IT IS SO ORDERED.

DATED this 20th day of May, 2026.

Adrienne Nelson
United States District Judge