IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| FRANK WALL and JANA SMITH,<br><br>　　　　　　Plaintiffs,<br>　　　v.<br><br>ADVANCED INVESTMENT CORPORATION INC.; AIC PROFIT SHARING PLAN; AUSTIN L. WALKER, individually and as President of Advanced Investment Corporation Inc. and trustee and beneficiary of the AIC Profit Sharing Plan; and DAVID P. SMITH, individually and as registered agent of and attorney for Advanced Investment Corporation Inc. and as trustee of the AIC Profit Sharing Plan,<br><br>　　　　　　Defendants. | Case No.: 3:26-cv-00995-AN<br><br><br>OPINION AND ORDER |

On May 19, 2026, plaintiffs Frank Wall and Jana Smith, who are self-represented and thus proceeding pro se,[1] filed this action against defendants Advanced Investment Corporation Inc. ("AIC Inc."); AIC Profit Sharing Plan ("AIC PSP"); Austin L. Walker, individually and in his official capacities as President of AIC Inc. and as trustee and beneficiary of AIC PSP; and David P. Smith, individually and in his official capacities as registered agent of and attorney for AIC Inc. and as trustee of AIC PSP. Plaintiffs moved for a temporary restraining order ("TRO") and preliminary injunction on May 19, 2026, which this Court denied on May 20. On May 26, plaintiffs filed an amended motion for TRO and preliminary injunction, which is now pending before the Court. For the following reasons, plaintiffs' amended motion for TRO and preliminary injunction is DENIED with leave to refile.

---

[1] Pleadings filed by self-represented litigants "are held to a less stringent standard than those drafted by lawyers." *Graves v. Nw. Priority Credit Union*, No. 3:20-cv-00770-JR, 2020 WL 8085140, at *2 (D. Or. Dec. 16, 2020) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "In cases involving a [self-represented] plaintiff, the court construes the pleadings liberally and affords the plaintiff the benefit of any doubt." *Kali v. Bulk Handling Sys.*, No. 6:18-cv-02010-AA, 2019 WL 1810966, at *4 (D. Or. Apr. 23, 2019) (citing *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004)).

## BACKGROUND

This action centers around a loan for real estate. At base, plaintiffs allege that defendants engaged in deceptive, predatory, and fraudulent lending procedures when they executed a mortgage loan with plaintiffs. *See* Compl., ECF 1, at 1-2. More specifically, plaintiffs allege that defendants took advantage of their vulnerability as "seniors with limited income and cognitive decline" by intentionally mischaracterizing the mortgage loan as being for a business, as opposed to residential, purpose, in order to evade certain federal laws and wrongly subject plaintiffs to a high-interest short-term loan. *Id.* at 2-3. Plaintiffs ultimately signed a promissory note and deed of trust in 2022 regarding the real property at issue. *Id.* at 3 & Exs. A, B; 1st Decl. of Frank Wall ("1st Wall Decl."), ECF 3, ¶ 2.

For several years, defendants collected many interest-only loan payments from plaintiffs. Compl. 6. In July 2025, after plaintiffs had missed several payments, defendants threatened to accelerate the full balance of the loan and initiate non-judicial foreclosure proceedings. *Id.* In response, plaintiffs requested that defendants extend the maturity date of the loan through May 23, 2026, to which defendants agreed in exchange for a fee. *Id.* & Ex. D. Despite this agreement, defendants subsequently hinged the extension on an additional condition: that plaintiffs sign a supplemental document stating "that the loan was solely a 'business purpose' loan." *Id.* at 6-7 & Exs. E, F. Defendants eventually honored the requested extension, although plaintiffs never signed the supplemental document and the parties continued to dispute whether the loan should be characterized as being for business or residential purposes. *Id.* at 7.

On May 19, 2026, plaintiffs filed this action, alleging nine claims brought under various laws, regulations, and doctrines. *See* Compl. 8-25. Contemporaneously with the complaint, plaintiffs filed a motion for TRO and preliminary injunction, ECF 2, and a declaration in support thereof, Wall Decl. This Court denied plaintiffs' motion on May 20 with leave to refile if additional facts show that irreparable harm is sufficiently likely. Op. & Order of May 20, 2026, ECF 5. On May 26, plaintiffs filed the instant amended motion for TRO and preliminary injunction, seeking to halt non-judicial foreclosure proceedings. Pls. Am. Mot., ECF 6. Plaintiffs also submit two additional declarations in support thereof. 2d Decl. of Frank Wall ("2d Wall Decl."), ECF 7; Decl. of Jana Smith ("Smith Decl."), ECF 8. Defendants have not yet appeared.

2

**LEGAL STANDARD**

Generally, motions for TROs and preliminary injunctions are subject to substantially the same elements. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A TRO or preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). The movant must show (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Id.* at 20-22. In the Ninth Circuit, "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011).

**DISCUSSION**

Plaintiffs' amended motion asks this Court to prohibit "any foreclosure sale, trustee's sale, transfer of title or dispossessory action concerning the subject property" pending the Court's consideration of the merits of plaintiffs' claims. Pls. Am. Mot. 1. Plaintiffs' amended motion must be denied for the same reasons as their initial motion: plaintiffs have not shown it is likely they will suffer irreparable harm in the absence of preliminary relief and thus fail at the second prong of the *Winter* test. As the Court previously stated, the underlying premise of plaintiffs' argument is sound—the imminent foreclosure of real property certainly presents a threat of irreparable harm. *See Sundance Land Corp. v. Cmty. First Fed. Sav. & Loan Ass'n*, 840 F.2d 653, 661 (9th Cir. 1988) (finding that the already-begun judicial foreclosure of unique real property would cause "immediate, irreparable injury"); *see also Wrobel v. S.L. Pope & Assocs.*, No. 07CV1591 IEG (BLM), 2007 WL 2345036, at *1 (S.D. Cal. June 15, 2007) ("Defendants are scheduled to foreclose on plaintiff's property. . . . Losing one's home through foreclosure is an irreparable injury."). However, there remains no evidence before the Court indicating that foreclosure in this case is imminent, and thus that irreparable injury is likely.

3

Plaintiffs assert that "Defendants have told Plaintiffs they will absolutely begin nonjudicial foreclosure proceedings as of . . . May 23, 2026 if they are not in receipt of the entire balloon payment by said date"; and that, "[a]bsent immediate injunctive relief, Defendants will commence **and likely** complete the four-month-long non-judicial foreclosure process." Pls. Am. Mot. 2-3 (emphasis added and original emphases omitted); *see also* 2d Wall Decl. ¶¶ 4-5; Smith Decl. ¶ 4. Plaintiffs continue on to state that, "[u]nless restrained, Defendants **may** imminently conduct a trustee's sale." Pls. Am. Mot. 3 (emphasis added). No foreclosure sale is alleged to be scheduled. Instead, plaintiffs' allegations and evidence indicate that there lies ahead approximately four months of proceedings that *may* result in irreparable harm. *See Rodriguez v. Bank of Am., N.A.*, No. SACV 11-0076 DOC (RNBx), 2011 WL 166633, *2 (C.D. Cal. Jan. 18, 2011) ("Plaintiff appears to file the instant application out of Plaintiff's speculative concern that a foreclosure sale will occur. However, Plaintiffs do not allege that a foreclosure sale is even scheduled, let alone provide the Court with a date for any such a sale."). Plaintiffs have therefore not shown that a sale, transfer of title, or other dispossessory action is *imminent*. And plaintiffs do not explain why four months is not sufficient time to serve defendants and set a (perhaps expedited) briefing schedule as to any renewed request for injunctive relief.

In sum, plaintiffs have not shown that irreparable harm is imminent and have therefore failed to satisfy the irreparable injury prong of the *Winters* test. *See O'Shea v. Littleton*, 414 U.S. 488, 502 (1974) (the alleged irreparable harm must be "substantial and **immediate**" (emphasis added)). Because plaintiffs have not satisfied the irreparable injury prong of the *Winters* test, the Court declines to reach the remaining prongs. *See Mclean v. Aurora Loan Serv'g*, No. 11cv0455-LAB (NLS), 2011 WL 4635027, at *2 (S.D. Cal. Oct. 5, 2011). Plaintiffs are granted leave to renew their motion in the event that additional facts show that irreparable harm is sufficiently likely to occur in the immediate future.

//

//

//

//

4

**CONCLUSION**

For the reasons described herein, plaintiffs' amended motion for temporary restraining order and preliminary injunction, ECF 6, is DENIED with leave to renew in the event that additional facts show that imminent, i.e. immediate, irreparable harm is sufficiently likely.

IT IS SO ORDERED.

DATED this 27th day of May, 2026.

Adrienne Nelson
United States District Judge